IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TRACY L. HAGEN, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) ) |
| FIRSTSOURCE FINANCIAL SOLUTIONS, LLC, JOHN D. KRISOR, JR., AND DOES 1 THROUGH 10, | ) Case No. 3:11cv359 ) ) ) |
|     Defendants. | |

## DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, John D. Krisor, Jr. ("Krisor"), by counsel, submits the following Answer to Plaintiff's Complaint:

### JURISDICTION AND VENUE

1) The jurisdiction of this Court is found in 15 U.S.C. 1692 G, § 809 (B) and pursuant to:

   a) 15 U.S.C. § 1692k (d), wherein an action to enforce any liability created by this subchapter may be brought in any appropriate United States District court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs. And

   b) 28 U.S.C. § 1367 for pendent state law claims wherein this Honorable forum has supplemental jurisdiction for the authority of United States federal courts to hear additional claims substantially related to the original claim even though the court would lack the subject-matter jurisdiction to hear the additional claims independently.

   **ANSWER**: Defendant Krisor denies the allegations contained in paragraph 1 of Jurisdiction and Venue of Plaintiff's Complaint.

2) Venue is proper in this Circuit pursuant to 28 U.S.C. § 1391(b).

**ANSWER**:   Defendant Krisor admits the allegations contained in paragraph 2 of Jurisdiction and Venue of Plaintiff's Complaint.

3) This is an action for damages which exceed $5,000.00.

**ANSWER**:   Defendant Krisor denies the allegations contained in paragraph 3 of Jurisdiction and Venue of Plaintiff's Complaint.

4) All conditions precedent to the bringing of this action have been performed, waived or excused.

**ANSWER**:   Defendant Krisor denies the allegations contained in paragraph 4 of Jurisdiction and Venue of Plaintiff's Complaint.

## PARTIES

1) Plaintiff, TRACY L HAGEN, is a resident of the State of Indiana.

**ANSWER**:  Defendant Krisor admits the allegations contained in paragraph 1 of Parties of Plaintiff's Complaint.

2) Defendant is John D Krisor, JR, who may be contacted at the law firm of Krisor & Associates, 16801 Cleveland Rd., Granger, Indiana 46530-7088, and reached by telephone at (574) 272-1000 or fax at (574)272-4303.

**ANSWER**:  Defendant Krisor denies the allegations contained in paragraph 2 of Parties of Plaintiff's Complaint.  Mr. Krisor may be contacted through counsel.

3) Defendant, FIRSTSOURCE FINANCIAL SOLUTIONS, LLC, ("FIRSTSOURCE") may be contacted by US Mail at 1661 Lyndon Farms Court, Louisville, KY 40223, and reached by telephone at Phone: (502)499-0855 and by fax at (502) 515-9964.

**ANSWER**: Defendant Krisor is without sufficient information to admit or deny the allegations contained in paragraph 3 of Parties of Plaintiff's Complaint and, therefore, denies the same.

## DOE DEFENDANTS

1) Plaintiff, TRACY L HAGEN, is ignorant of the true names and capacities of all potential Defendants and therefore sues these Defendants as Doe. Plaintiff will amend this complaint to allege the true names and capacities of said Doe's, when such information is ascertained.

   **ANSWER**: Defendant Krisor denies the allegations contained in paragraph 1 of Doe Defendants of Plaintiff's Complaint.

2) Certain of the Doe Defendants, whose identities are currently unknown to Plaintiff, acted as the joint venturers, general partners, co-conspirators, principals, agents, employees, officers, attorneys, accountants, or advisors to the named Defendants herein, and at such time were on notice of facts sufficient to suggest the existence of the improprieties alleged herein to a reasonable and prudent person of the same profession, yet said Defendants assisted the named Defendants either intentionally or negligently, or acted in a legally culpable manner or capacity so as to be jointly and severally liable herein, all as will be alleged with more specificity after discovery in this case.

   **ANSWER**: Defendant Krisor denies the allegations contained in paragraph 2 of Doe Defendants of Plaintiff's Complaint.

## DEFENDANT'S INDIVISIBLE LIABILITY FOR INDIVISIBLE HARM

1) Plaintiff, in the instant cause, has suffered harm as the result of the actions of the Defendants and unknown Does.

**ANSWER**: Defendant Krisor denies the allegations contained in paragraph 1 of Defendant's Indivisible Liability for Indivisible Harm of Plaintiff's Complaint.

2) The Defendants and Does have acted in concert and collusion, one with the other, toward a harmful outcome to Plaintiff as alleged infra and supra.

**ANSWER**: Defendant Krisor denies the allegations contained in paragraph 2 of Defendant's Indivisible Liability for Indivisible Harm of Plaintiff's Complaint.

3) The alleged harm to Plaintiff is indivisible in its nature and cannot reasonably be apportioned to multiple actors.

**ANSWER**: Defendant Krisor denies the allegations contained in paragraph 3 of Defendant's Indivisible Liability for Indivisible Harm of Plaintiff's Complaint.

4) In the interest of judicial economy, Plaintiff only included the Defendants who are currently violating the FDCPA toward the furtherance of the ultimate harm intended by the acts infra and supra.

**ANSWER**: Defendant Krisor denies the allegations contained in paragraph 4 of Defendant's Indivisible Liability for Indivisible Harm of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

1) On June 23, 2011, Plaintiff sent a dispute notice and request for validation/verification to Krisor & Associates, seeking proper validation of FIRSTSOURCE' s claim.

**ANSWER**: Defendant Krisor denies the allegations contained in paragraph 1 of Factual Allegations of Plaintiff's Complaint.

2) On June 23, 2011, Plaintiff sent a dispute notice and request for validation/verification to FIRSTSOURCE, seeking proper validation of its claim.

**ANSWER**: Defendant Krisor denies the allegations contained in paragraph 2 of Factual Allegations of Plaintiff's Complaint.

3) On June 2, 2011, Plaintiff disputed FIRSTSOURCE's derogatory reporting with credit reporting agencies Experian, Trans Union and Equifax.

   a) Defendants willfully continued collection activity after receiving notice of dispute, and failed to provide written validation of debt before resuming their collection activities.

   b) Defendants, FIRSTSOURCE and John D Krisor, JR violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 by willful non-compliance with actions and activities including, but not limited to, the following:

   **ANSWER**: Defendant Krisor denies the allegations contained in paragraph 3 of Factual Allegations of Plaintiff's Complaint.

## COUNT I

1) Defendants violated 15 U.S.C. § 1692e, by false, deceptive and misleading representation or means in connection with the debt collection.

   a) Defendant, Attorney John D Krisor, JR, while attempting to collect an alleged and unverified debt made false and misleading representations in communications when it misrepresented the party for which he was collecting.

   b) Defendant failed to validate the debt or demonstrate he was not making false and misleading representations in communications when misrepresenting the alleged creditor.

   **ANSWER**: Defendant Krisor denies the allegations contained in paragraph 1 of Count I of Plaintiff's Complaint.

## COUNT II

1) Defendants violated, 15 U.S.C. § 1692e (2) by falsely representing the character, amount, or legal status of any debt.

   a) Defendants, FIRSTSOURCE and Attorney John D Krisor, JR misrepresented the character of an alleged debt when they represented the debt as an obligation to FIRSTSOURCE.

   b) FIRSTSOURCE, the alleged creditor has no standing or interest.

   c) Defendants failed to validate their claim.

   d) Defendant failed to validate the debt or demonstrate the debt was not misrepresented in nature.

   e) Preceding count is fully re-alleged and set herein.

   **ANSWER**:  Defendant Krisor denies the allegations contained in paragraph 1 of Count II of Plaintiff's Complaint.

## COUNT III

1) Defendants violated, 15 U.S.C. § 1692e (2) by falsely representing the legal status of a debt.

   a) Defendants, FIRSTSOURCE and John D Krisor, JR misrepresented the legal status of an alleged debt by attempting to presume the alleged debt was the property of FIRSTSOURCE.

   b) Defendants failed to validate the debt.

   c) Defendants failed to validate the legal status of the debt or demonstrate they were note holders with an interest.

   d) Preceding counts are fully re-alleged and set herein.

**ANSWER**:  Defendant Krisor denies the allegations contained in paragraph 1 of Count III of Plaintiff's Complaint.

## COUNT IV

1) Defendants violated, 15 U.S.C. § 1692e (2) by falsely representing the amount of a debt.

   a) Defendants, FIRSTSOURCE and John D Krisor, JR misrepresented the amount of the debt by alleging certain sums were by charging hypothetical interest rates on an alleged and unvalidated debt.

   b) Defendants failed to validate the debt.

   c) Defendants failed to validate the amount of the debt or demonstrate interest charged was a term in the alleged agreement.

   d) Preceding counts are fully re-alleged and set herein.

   **ANSWER**:  Defendant Krisor denies the allegations contained in paragraph 1 of Count IV of Plaintiff's Complaint.

## COUNT V

1) Defendants, FIRSTSOURCE and John D Krisor, JR violated 15 U.S.C. § 1692g (b) by continuing collection activity after receiving notice of dispute, and failed to provide written validation of debt before resuming collection activities.

   a) Defendants, FIRSTSOURCE and John D Krisor, JR violated 15 U.S.C. § 1692 g (b) when Plaintiff sent a request for validation on June 23, 2011 in accordance with 15 U.S.C. § 1692 G , of the Fair Debt Collection Practices Act,

The Plaintiff mailed the dispute/validation via certified mail to John D Krisor, JR of Krisor & Associates.

   a) The request for validation specifically stated:

> *"Please be advised that I am not requesting "verification" that you have my mailing address.*
>
> *I am requesting a "validation" that is, competent evidence that I have some contractual obligation to pay you or your alleged client.*
>
> *Further, I am requesting "verification of agency" wherein your, firm, practice, or collection agency is in the direct employ of the alleged creditor. Verification of direct agency requires substantiation by the Principal, not the agent."*

   b) Defendants failed to validate the debt.

   c) Defendants have continued collection activities.

   d) Defendant John D Krisor, JR of Krisor & Associates failed to demonstrate agency.

   e) Defendant FIRSTSOURCE failed to acknowledge or confirm the agency or actions of John D Krisor, JR of Krisor & Associates.

   f) Preceding counts are fully re-alleged and set herein.

**ANSWER**: Defendant Krisor denies the allegations contained in paragraph 1 of Count V of Plaintiff's Complaint.

## COUNT VI

1) Defendants, FIRSTSOURCE and John D Krisor, JR violated 15 U.S.C. § 1692 e (10) by using false representation and deceptive means to collect a debt.

   a) Defendant(s), FIRSTSOURCE and John D Krisor, JR made false representations with the aid of an affiant, Jennifer Taylor, submitted an affidavit, which contained inaccurate statements contradicting FIRSTSOURCE's claim.

   b) Defendants relied on a third Party to create the illusion of an accurate accounting of a valid in force debt.

   c) Defendants failed to validate the debt and relied on the fabrication of evidence in support of an alleged debt.

    d)   Preceding counts are fully re-alleged and set herein.

**ANSWER**:  Defendant Krisor denies the allegations contained in paragraph 1 of Count VI of Plaintiff's Complaint.

### COUNT VII

1) Defendants, FIRSTSOURCE and John D Krisor, JR violated 15 U.S.C. § 1692 f (1) by attempting to collect an amount not authorized or permitted by law.

    a)  Plaintiff sought validation of the alleged agreement from the Defendants.

    b)  The alleged debt was more than five-hundred dollars ($500.00.

    c)  Under Indiana Code 26-1-3.1-308 (a), the Plaintiff disputed the validity of her signature on the alleged agreement demanding strict proof.

    d)  Defendants failed to validate FIRSTSOURCE's legal status related to the debt or demonstrate they were note holders with an interest, holder in due course, note owner or that a note, contract, obligation, written instrument or agreement existed and its collection was permitted by law.

    e)  Preceding counts are fully re-alleged and set herein.

**ANSWER**:  Defendant Krisor denies the allegations contained in paragraph 1 of Count VII of Plaintiff's Complaint.

### COUNT VIII

1) Defendants violated 809(b) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate.

    a)  Defendants, FIRSTSOURCE and John D Krisor, JR in an attempt to collect an illegitimate debt obfuscated the Parties to create confusion and avoid culpability for the collection of an illegitimate debt.

b) Defendants failed to validate the debt.

c) Defendants failed to validate the legitimacy of the debt.

d) Preceding counts are fully re-alleged and set herein.

**ANSWER**:  Defendant Krisor denies the allegations contained in paragraph 1 of Count VIII of Plaintiff's Complaint.

### AFFIRMATIVE DEFENSES

Defendant, John D. Krisor, Jr., pursuant to Trial Rule 8(c) and subject to further investigation and discovery submit the following affirmative defenses:

1. Plaintiff has failed to state a claim upon which relief can be granted for the reason that she failed to request validation within thirty (30) days of receipt of Defendant's March 15, 2011 letter.

2. Plaintiff has failed to state a claim upon which relief can be granted for the reason that Defendant sent to her verification of the debt on May 5, 2011, August 2, 2011, and August 18, 2011.

3. Plaintiff has failed to state a claim for the reason that Defendant received and relied upon several affidavits which purport to assign Hagen's debts from Goshen General Hospital to Firstsource Financial Solutions LLC.

4. Defendant Krisor is immune from suit for statements made in judicial pleadings and judicial proceedings.

5. Defendant Krisor denies that a violation of the Fair Debt Collection Practices Act occurred; however, to the extent a violation occurred, such violation was a result of a *bona fide* error.

6. Plaintiff has failed to state a claim upon which relief can be granted for the reason that any communication by Defendant Krisor was not deceptive or misleading in any manner.

7. Plaintiff has failed to state a claim upon which relief can be granted for the reason that she has incurred no damages or pecuniary losses as a result of the actions of Defendant Krisor.

8. Plaintiff's damages are limited by statute.

9. Plaintiff's claim is frivolous, unreasonable or groundless, and violative of Rule 11 for the reason that the complaint is a copied and pasted version from an internet cite designed to delay debt collection and is not applicable to this case, entitling Defendant to costs and attorney fees.

10. Plaintiff's claim is brought and pursued in bad faith, entitling Defendant to attorney fees pursuant to the Fair Debt Collection Practices Act.

WHEREFORE, Defendant, John D. Krisor, Jr., by counsel, prays that Plaintiff take nothing by way of its Complaint, for the costs of this action, and for all other proper relief.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:   s/ Todd J. Kaiser
Todd J. Kaiser, IN Bar No. 10846-49
111 Monument Circle, Suite 4600
Indianapolis, IN  46204
Telephone:  317.916.1300
Facsimile:  317.916.9076
*todd.kaiser@ogletreedeakins.com*

Attorneys for Defendant John D. Krisor, Jr.

## CERTIFICATE OF SERVICE

    I hereby certify that on October 25, 2011, a copy of the foregoing was filed electronically. I hereby certify that on October 25, 2011, copy of the foregoing was mailed, by first class mail, postage prepaid and properly addressed to the following:

> Tracy L. Hagen
> 64645 CR 15
> Goshen, IN  46526
>
> Peter A. Velde
> Kightlinger & Gray
> 151 N. Delaware Street
> Suite 600
> Indianapolis, IN  46204
> pvelde@k-glaw.com

    s/ Todd J. Kaiser

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
111 Monument Circle, Suite 4600
Indianapolis, IN  46204
Telephone:  317.916.1300
Facsimile:  317.916.9076
*todd.kaiser@ogletreedeakins.com*

11178858.1 (OGLETREE)