UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TRACY L. HAGEN, )<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>FIRSTSOURCE FINANCIAL )<br>SOLUTIONS, LLC, )<br>JOHN D. KRISOR, JR., )<br>DOES 1 through 10, )<br>    Defendants. ) | Case No. 3:11-CV-00359-JTM-CAN |

**ANSWER AND DEFENSES OF FIRSTSOURCE
FINANCIAL SOLUTIONS, LLC TO PLAINTIFF'S COMPLAINT**

Defendant, FirstSource Financial Solutions, LLC ("FirstSource"), by counsel, for its Answer and Defenses to Plaintiff's Complaint, states:

PRELIMINARY STATEMENT

This is an action for actual damages brought for violations of the FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. § 1692 *et seq.*

Answer:  FirstSource denies all of the allegations set forth in the Preliminary Statement.

JURISDICTION AND VENUE

1) The jurisdiction of this Court is found in 15 U.S.C. 1692 G, § 809 (B) and pursuant to:

a) 15 U.S.C. § 1692k (d), wherein an action to enforce any liability created by this subchapter may be brought in any appropriate United States District court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.

b) 28 U.S.C. § 1367 for pendent state law claims wherein this Honorable forum has

supplemental jurisdiction for the authority of United States federal courts to hear additional claims substantially related to the original claim even though the court would lack the subject-matter jurisdiction to hear the additional claims independently.

Answer:  This Paragraph 1 and sub-sections (a) and (b) set forth a legal conclusion for which no response is required to be made by FirstSource.  To the extent FirstSource is required to respond to this paragraph 1 including sub-parts (a) and (b), FirstSource denies all allegations that are inconsistent with the statutes read in their entirety and as said statutes have been interpreted by the Courts.

2) Venue is proper in this Circuit pursuant to 28 U.S.C. § 1391(b).

Answer:  This Paragraph 2 of the Complaint sets forth a legal conclusion for which no response is required to be made by FirstSource.  To the extent FirstSource is required to respond to this paragraph 2 of the Complaint, FirstSource denies all allegations that are inconsistent with the statute read in its entirety and as the statute has been interpreted by the Courts.

3) This is an action for damages which exceed $5,000.00.

Answer:  This Paragraph 3 of the Complaint sets forth a conclusory allegation and does not set forth any allegations against FirstSource for which a response is required to be made by FirstSource.  To the extent FirstSource is required to respond to this paragraph 3 of the Complaint, FirstSource denies all allegations of this paragraph 3 of the Complaint.

4) All conditions precedent to the bringing of this action have been performed, waived or excused.

Answer:  This Paragraph 4 of the Complaint sets forth a conclusory allegation and does not set forth any allegations against FirstSource for which a response is required to be made by

FirstSource. To the extent FirstSource is required to respond to this paragraph 4 of the Complaint, FirstSource at this time is without sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph 4 of the Complaint.

## PARTIES

1) Plaintiff, TRACY L HAGEN, is a resident of the State of Indiana.

Answer:  For its answer to this paragraph 1 of the Complaint, FirstSource at this time is without sufficient information to form a belief as to the truth or falsity of all of those allegations. By way of further answer, FirstSource admits that Plaintiff has an Indiana mailing address.

2) Defendant is John D Krisor, JR, who may be contacted at the law firm of Krisor & Associates, 16801 Cleveland Rd., Granger, Indiana 46530-7088, and reached by telephone at (574) 272-1000 or fax at (574)272-4303.

Answer:  This Paragraph 2 of the Complaint does not set forth any allegations against FirstSource for which a response is required to be made by FirstSource. To the extent FirstSource is required to respond to this paragraph 2 of the Complaint, FirstSource at this time is without sufficient information to form a belief as to the truth or falsity of those allegations.

3) Defendant, FIRSTSOURCE FINANCIAL SOLUTIONS, LLC, ("FIRSTSOURCE") may be contacted by US Mail at 1661 Lyndon Farms Court, Louisville, KY 40223, and reached by telephone at Phone: (502)499-0855 and by fax at (502) 515-9964.

Answer:  FirstSource admits all of those allegations set forth in this paragraph 3 of the Complaint.

## DOE DEFENDANTS

1) Plaintiff, TRACY L HAGEN, is ignorant of the true names and capacities of all potential Defendants and therefore sues these Defendants as Doe. Plaintiff will amend this complaint to allege the true names and capacities of said Doe's, when such information is ascertained.

Answer:  This paragraph 1 of the Complaint does not set forth any allegations against FirstSource for which a response is required to be made by FirstSource.  To the extent FirstSource is required to respond to this paragraph 1 of the Complaint, FirstSource at this time is without sufficient information to form a belief as to the truth or falsity of all of those allegations of this paragraph 1 of the Complaint.

2) Certain of the Doe Defendants, whose identities are currently unknown to Plaintiff, acted as the joint venturers, general partners, co-conspirators, principals, agents, employees, officers, attorneys, accountants, or advisors to the named Defendants herein, and at such time were on notice of facts sufficient to suggest the existence of the improprieties alleged herein to a reasonable and prudent person of the same profession, yet said Defendants assisted the named Defendants either intentionally or negligently, or acted in a legally culpable manner or capacity so as to be jointly and severally liable herein, all as will be alleged with more specificity after discovery in this case.

Answer:  This paragraph 2 of the Complaint does not set forth any allegations against FirstSource for which a response is required to be made by FirstSource.  To the extent FirstSource is required to respond to this paragraph 2 of the Complaint, FirstSource at this time is without sufficient information to form a belief as to the truth or falsity of all those allegations of this paragraph 2 of the Complaint.

## DEFENDANT'S INDIVISIBLE LIABILITY FOR INDIVISIBLE HARM

1) Plaintiff, in the instant cause, has suffered harm as the result of the actions of the Defendants and unknown Does.

Answer: This paragraph 1 of the Complaint sets forth allegations against other Defendants for which a response is not required to be made by FirstSource. To the extent FirstSource is required to respond to those allegations asserted in this paragraph 1 against the other Defendants, FirstSource at this time is without sufficient information to form a belief as to the truth or falsity of all those allegations. FirstSource denies all of those allegations asserted against it in this paragraph 1 of the Complaint.

2) The Defendants and Does have acted in concert and collusion, one with the other, toward a harmful outcome to Plaintiff as alleged *infra* and *supra.*

Answer: This paragraph 2 of the Complaint sets forth allegations against other Defendants for which a response is not required to be made by FirstSource. To the extent FirstSource is required to respond to those allegations asserted in this paragraph 2 against the other Defendants, FirstSource at this time is without sufficient information to form a belief as to the truth or falsity of all those allegations. FirstSource denies all of those allegations asserted against it in this paragraph 2 of the Complaint.

3) The alleged harm to Plaintiff is indivisible in its nature and cannot reasonably be apportioned to multiple actors.

Answer: This paragraph 3 of the Complaint sets forth a legal conclusion for which no response is required to be made by FirstSource. This paragraph 3 of the Complaint also sets forth allegations against other Defendants for which a response is not required to be made by

FirstSource.  To the extent FirstSource is required to respond to those allegations asserted in this paragraph 3 against the other Defendants, FirstSource at this time is without sufficient information to form a belief as to the truth or falsity of all those allegations.  FirstSource denies all of those allegations asserted against it in this paragraph 3 of the Complaint.

4)  In the interest of judicial economy, Plaintiff only included the Defendants who are currently violating the FDCPA toward the furtherance of the ultimate harm intended by the acts *infra* and *supra.*

Answer:  This paragraph 4 of the Complaint sets forth allegations against other Defendants for which a response is not required to be made by FirstSource.  To the extent FirstSource is required to respond to those allegations asserted in this paragraph 4 against the other Defendants, FirstSource at this time is without sufficient information to form a belief as to the truth or falsity of all those allegations.  FirstSource denies all of those allegations asserted against it in this paragraph 4 of the Complaint.

## FACTUAL ALLEGATIONS

1)  On June 23, 2011, Plaintiff sent a dispute notice and request for validation/verification to Krisor & Associates, seeking proper validation of FIRSTSOURCE's claim.

Answer:  This paragraph 1 of the Complaint does not set forth any allegations against FirstSource for which a response is required to be made by FirstSource and the document referenced in this paragraph 1 of the Complaint is not attached to the Complaint.  To the extent FirstSource is required to respond to this paragraph 1 of the Complaint, FirstSource at this time is without sufficient information to form a belief as to the truth or falsity of all of those allegations of this paragraph 1 of the Complaint.

2) On June 23, 2011, Plaintiff sent a dispute notice and request for validation/verification to FIRSTSOURCE, seeking proper validation of its claim.

Answer:  Since the document referenced in this paragraph 2 of the Complaint was not attached to the Complaint, FirstSource at this time is without sufficient information to form a belief as to the truth or falsity of all those allegations of this paragraph 2 of the Complaint.

3) On June 2, 2011, Plaintiff disputed FIRSTSOURCE's derogatory reporting with credit reporting agencies Experian, Trans Union and Equifax.

a)  Defendants willfully continued collection activity after receiving notice of dispute, and failed to provide written validation of debt before resuming their collection activities.

b) Defendants, FIRSTSOURCE and John D Krisor, JR violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 by willful non-compliance with actions and activities including, but not limited to, the following:

Answer:  For its answer to this paragraph 3 of the Complaint, FirstSource at this time is without sufficient information to form a belief as to the truth or falsity of all of those allegations. Additionally, sub-sections (a) and (b) of this paragraph 3 of the Complaint sets forth allegations against other Defendants for which a response is not required to be made by FirstSource.  To the extent FirstSource is required to respond to those allegations asserted in sub-paragraphs (a) and (b) of this paragraph 3 of the Complaint against the other Defendants, FirstSource at this time is without sufficient information to form a belief as to the truth or falsity of those allegations. FirstSource denies all of those allegations asserted against it in sub-paragraphs (a) and (b) of this paragraph 3 of the Complaint.

## COUNT I

1)  Defendants violated 15 U.S.C. § 1692e, by false, deceptive and misleading representation or means in connection with the debt collection.

>   a)  Defendant, Attorney John D Krisor, JR, while attempting to collect an alleged and unverified debt made false and misleading representations in communications when it misrepresented the party for which he was collecting.
>
>   b)  Defendant failed to validate the debt or demonstrate he was not making false and misleading representations in communications when misrepresenting the alleged creditor.

Answer:  This paragraph 1 and sub-sections (a) and (b) of this paragraph 1 of the Complaint against the other Defendants sets forth allegations against other Defendants for which a response is not required to be made by FirstSource.  To the extent FirstSource is required to respond to those allegations asserted in this paragraph 1 and sub-paragraphs (a) and (b) of this paragraph 1 of the Complaint against the other Defendants, FirstSource at this time is without sufficient information to form a belief as to the truth or falsity of those allegations.  FirstSource denies all of those allegations asserted against it in this paragraph 1 of the Complaint and in sub-paragraphs (a) and (b) of this paragraph 1 of the Complaint.

## COUNT II

1)  Defendants violated, 15 U.S.C. § 1692e (2) by falsely representing the character, amount, or legal status of any debt.

>   a)  Defendants, FIRSTSOURCE and Attorney John D Krisor, JR misrepresented the

character of an alleged debt when they represented the debt as an obligation to FIRST SOURCE.

b) FIRSTSOURCE, the alleged creditor has no standing or interest.

c) Defendants failed to validate their claim.

d) Defendant failed to validate the debt or demonstrate the debt was not misrepresented in nature.

e) Preceding count is fully re-alleged and set herein.

ANSWER: This paragraph 1 and sub-sections (a) through (e) of this paragraph 1 of the Complaint sets forth allegations against other Defendants for which a response is not required to be made by FirstSource. To the extent FirstSource is required to respond to those allegations asserted in this paragraph 1 and sub-paragraphs (a) through (e) of this paragraph 1 of the Complaint against the other Defendants, FirstSource at this time is without sufficient information to form a belief as to the truth or falsity of those allegations. FirstSource denies all of those allegations asserted against it in this paragraph 1 and sub-paragraphs (a) through (d) of this paragraph 1 of the Complaint. For its answer to sub-section (e) of this paragraph 1 of the Complaint, FirstSource by reference incorporates in its entirety its answer and defenses to the Complaint.

## COUNT III

1) Defendants violated, 15 U.S.C. § 1692e (2) by falsely representing the legal status of a debt.

    a)  Defendants, FIRSTSOURCE and John D Krisor, JR misrepresented the legal status of an alleged debt by attempting to presume the alleged debt was the property of FIRSTSOURCE.

    b)  Defendants failed to validate the debt.

    c)  Defendants failed to validate the legal status of the debt or demonstrate they were note holders with an interest.

    d)  Preceding counts are fully re-alleged and set herein.

    <u>Answer</u>:   This paragraph 1 and sub-sections (a) through (d) of this paragraph 1 of the Complaint sets forth allegations against other Defendants for which a response is not required to be made by FirstSource.  To the extent FirstSource is required to respond to those allegations asserted in this paragraph 1 and sub-paragraphs (a) through (d) of this paragraph 1 of the Complaint against the other Defendants, FirstSource at this time is without sufficient information to form a belief as to the truth or falsity of those allegations.  FirstSource denies all of those allegations asserted against it in this paragraph and in sub-paragraphs (a) through (c) of this paragraph 1 of the Complaint.  For its answer to sub-section (d) of this paragraph 1 of the Complaint, FirstSource by reference incorporates in its entirety its answer and defenses to the Complaint.

<u>COUNT IV</u>

    1)  Defendants violated, 15 U.S.C. § 1692e (2) by falsely representing the amount of a debt.

    a) Defendants, FIRSTSOURCE and John D Krisor, JR misrepresented the amount of

the debt by alleging certain sums were by charging hypothetical interest rates on an alleged and unvalidated debt.

b) Defendants failed to validate the debt.

c) Defendants failed to validate the amount of the debt or demonstrate interest charged was a term in the alleged agreement.

d) Preceding counts are fully re-alleged and set herein.

Answer:   This paragraph 1 and sub-sections (a) through (d) of this paragraph 1 of the Complaint sets forth allegations against other Defendants for which a response is not required to be made by FirstSource.  To the extent FirstSource is required to respond to those allegations asserted in this paragraph 1 and sub-paragraphs (a) through (d) of this paragraph 1 of the Complaint against the other Defendants, FirstSource at this time is without sufficient information to form a belief as to the truth or falsity of those allegations.  FirstSource denies all of those allegations asserted against it in this paragraph 1 and sub-paragraphs (a) through (c) of this paragraph 1 of the Complaint.  For its answer to sub-section (d) of this paragraph 1 of the Complaint, FirstSource by reference incorporates in its entirety its answer and defenses to the Complaint.

## COUNT V

1)  Defendants, FIRSTSOURCE and John D Krisor, JR violated 15 U.S.C. § 1692g (b) by continuing collection activity after receiving notice of dispute, and failed to provide written validation of debt before resuming collection activities.

a) Defendants, FIRSTSOURCE and John D Krisor, JR violated 15 U.S.C. § 1692 g (b)

when Plaintiff sent a request for validation on June 23, 2011 in accordance with 15 U.S.C. § 1692 G, of the Fair Debt Collection Practices Act,

The Plaintiff mailed the dispute/validation via certified mail to John D Krisor, JR of Krisor & Associates.

a) The request for validation specifically stated:

*"Please be advised that I am not requesting "verification" that you have my mailing address.*

*I am requesting a "validation" that is, competent evidence that I have some contractual obligation to pay you or your alleged client.*

*Further, I am requesting "verification of agency" wherein your firm, practice, or collection agency is in the direct employ of the alleged creditor. Verification of direct agency requires substantiation by the Principal, not the agent."*

b) Defendants failed to validate the debt.

c) Defendants have continued collection activities.

d) Defendant John D Krisor, JR of Krisor & Associates failed to demonstrate agency.

e) Defendant FIRSTSOURCE failed to acknowledge or confirm the agency or actions of John D. Krisor, JR of Krisor & Associates.

f) Preceding counts are fully re-alleged and set herein.

Answer:  This paragraph 1 and sub-sections (a) through (f) of this paragraph 1 of the Complaint sets forth allegations against other Defendants for which a response is not required to be made by FirstSource.  To the extent FirstSource is required to respond to those allegations asserted in this paragraph 1 and sub-paragraphs (a) through (f) of this paragraph 1 of the

Complaint against the other Defendants, FirstSource at this time is without sufficient information to form a belief as to the truth or falsity of those allegations. FirstSource denies all of those allegations asserted against it in this paragraph and sub-paragraphs (a) through (e) of this paragraph 1 of the Complaint. For its answer to sub-section (f) of this paragraph 1 of the Complaint, FirstSource by reference incorporates in its entirety its answer and defenses to the Complaint.

## COUNT VI

1) Defendants, FIRSTSOURCE and John D Krisor, JR violated 15 U.S.C. § 1692 e (10) by using false representation and deceptive means to collect a debt.

   a) Defendant(s), FIRSTSOURCE and John D Krisor, JR made false representations with the aid of an affiant, Jennifer Taylor, submitted an affidavit, which contained inaccurate statements contradicting FIRSTSOURCE's claim.

   b) Defendants relied on a third Party to create the illusion of an accurate accounting of a valid in force debt.

   c) Defendants failed to validate the debt and relied on the fabrication of evidence in support of an alleged debt.

   d) Preceding counts are fully re-alleged and set herein.

   Answer:   This paragraph 1 and sub-sections (a) through (d) of this paragraph 1 of the Complaint sets forth allegations against other Defendants for which a response is not required to be made by FirstSource. To the extent FirstSource is required to respond to those allegations asserted in this paragraph 1 and sub-paragraphs (a) through (d) of this paragraph 1 of the

Complaint against the other Defendants, FirstSource at this time is without sufficient information to form a belief as to the truth or falsity of those allegations. FirstSource denies all of those allegations asserted against it in this paragraph 1 and sub-paragraphs (a) through (c) of this paragraph 1 of the Complaint. For its answer to sub-section (d) of this paragraph 1 of the Complaint, FirstSource by reference incorporates in its entirety its answer and defenses to the Complaint.

## COUNT VII

1) Defendants, FIRSTSOURCE and John D Krisor, JR violated 15 U.S.C. § 1692 f (1) by attempting to collect an amount not authorized or permitted by law.

a) Plaintiff sought validation of the alleged agreement from the Defendants.

b) The alleged debt was more than five-hundred dollars ($500.00.

c) Under Indiana Code 26-1-3.1-308 (a), the Plaintiff disputed the validity of her signature on the alleged agreement demanding strict proof.

d) Defendants failed to validate FIRSTSOURCE's legal status related to the debt or demonstrate they were note holders with an interest, holder in due course, note owner or that a note, contract, obligation, written instrument or agreement existed and its collection was permitted by law.

e) Preceding counts are fully re-alleged and set herein.

Answer:   This paragraph 1 and sub-sections (a) through (e) of this paragraph 1 of the Complaint sets forth allegations against other Defendants for which a response is not required to be made by FirstSource. To the extent FirstSource is required to respond to those allegations

asserted in this paragraph 1 and sub-paragraphs (a) through (e) of this paragraph 1 of the Complaint against the other Defendants, FirstSource at this time is without sufficient information to form a belief as to the truth or falsity of those allegations. FirstSource denies all of those allegations asserted against it in this paragraph and sub-paragraphs (a) through (d) of this paragraph 1 of the Complaint. For its answer to sub-section (e) of this paragraph 1 of the Complaint, FirstSource by reference incorporates in its entirety its answer and defenses to the Complaint.

COUNT VIII

1) Defendants violated 809(b) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate.

  a) Defendants, FIRSTSOURCE and John D Krisor, JR in an attempt to collect an illegitimate debt obfuscated the Parties to create confusion and avoid culpability for the collection of an illegitimate debt.

  b) Defendants failed to validate the debt.

  c) Defendants failed to validate the legitimacy of the debt.

  d) Preceding counts are fully re-alleged and set herein.

Answer:  This paragraph 1 and sub-sections (a) through (d) of this paragraph 1 of the Complaint sets forth allegations against other Defendants for which a response is not required to be made by FirstSource. To the extent FirstSource is required to respond to those allegations asserted in this paragraph 1 and sub-paragraphs (a) through (d) of this paragraph 1 of the Complaint against the other Defendants, FirstSource at this time is without sufficient information

to form a belief as to the truth or falsity of those allegations.  FirstSource denies all of those allegations asserted against it in this paragraph 1 and sub-paragraphs (a) through (c) of this paragraph 1 of the Complaint.  For its answer to sub-section (d) of this paragraph 1 of the Complaint, FirstSource by reference incorporates in its entirety its answer and defenses to the Complaint.

WHEREFORE, Defendant, FirstSource, prays that Plaintiff take nothing by way of the Complaint; for costs of this action; and for all other proper relief.

## **DEFENSES**

1. To the extent FirstSource has violated the Fair Debt Collections Practices Act, such violation was the result of a bona fide error (15 U.S.C. §1692k).

2. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

3. Plaintiff has failed to state a claim upon which relief can be granted for the reason Plaintiff she failed to request validation within thirty (30) days of receipt of FirstSource's July 31, 2009 letter.

4. Plaintiff has failed to state a claim upon which relief can be granted for the reason that she has incurred no damages or pecuniary losses as a result of the actions of FirstSource.

5. Plaintiff's damages are limited by statute (15 U.S.C. 1692k).

6. Plaintiff's claim is brought and pursued in bad faith, entitling FirstSource to attorneys fee pursuant to the Fair Debt Collection Practices Act (15 U.S.C. 1692k).

WHEREFORE, Defendant, FirstSource, prays that Plaintiff

take nothing by way of the Complaint; for costs of this action; and for all other proper relief.

                        KIGHTLINGER & GRAY, LLP

                        s/Peter A. Velde
                        Peter A. Velde
                        Attorneys for FirstSource
                        Financial Solutions, LLC

## CERTIFICATE OF SERVICE

      I hereby certify that on October 26, 2011, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

  Todd J. Kaiser
  Ogle Deakins Nash Smoak & Stewart, PC
  111 Monument Circle Suite 4600
  Indianapolis, IN 46204

and I hereby certify that a copy of the foregoing pleading has been served upon Plaintiff pro se by first class U.S. mail, postage prepaid on October 26, 2011 upon:

  Tracy L. Hagen
  64645 CR 15
  Goshen, IN  46526

                        /s/Peter A. Velde
                        Peter A. Velde

KIGHTLINGER & GRAY, LLP
151 N. Delaware St. Suite 600
Indianapolis, IN 46204
(317) 638-4521
pvelde@k-glaw.com