UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TRACY L. HAGEN, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>FIRSTSOURCE FINANCIAL )<br>SOLUTIONS, LLC, )<br>JOHN D. KRISOR, JR., )<br>DOES 1 through 10, )<br>    Defendants. ) | Case No. 3:11-CV-00359-JTM-CAN |

**DEFENDANTS, FIRSTSOURCE FINANCIAL SOLUTIONS, LLC'S AND DOES 1 THROUGH 10 WRITTEN STATUS REPORT**

Defendants, Firstsource Financial Solutions, LLC and Firstsource Financial Solutions for and on behalf of Defendant Does 1 through 10 (individually and collectively "Firstsource"), by counsel, in response to this Court's Order for Written Status Report (Document 10), submits the following:

(**1**)  **The nature of the case and the principal factual and legal issues.**

The Plaintiff's medical accounts were placed with Firstsource for collection. In accordance with its practices and procedures, Firstsource sent its initial demand letter identifying the name of the creditor and the amount due and owing. Firstsource's initial letter contained all of the notices and warnings required to be given by the Fair Debt Collection Practices Act (15 U.S.C.§1692 et seq) ("FDCPA"). Plaintiff's first assertion is that Firstsource violated the FDCPA by failing to validate the debt. Plaintiff's claim fails because her dispute notification/validation request was made outside of the time period required by the FDCPA.

111147 / 1491342-1

Since, in its initial letter to Plaintiff, Firstsource identified the name of the creditor, Firstsource did not make a false and misleading representation.  Furthermore, since Firstsource was the disclosed agent for the creditor, under Indiana law, Firstsource could collect in its own name. Absent agreement, Indiana law does allow prejudgment interest to be collected.  As to the Does 1 through 10, as set forth in the defenses to Plaintiff's Complaint, there is no liability under the FDCPA for Firstsource employees/officers acting within the scope of their employment.

**(2)     Whether all parties have been served; or any parties dismissed.**

To the best of Firstsource's knowledge and belief, all parties have been served.

**(3)     The discovery each party intends to undertake, the anticipated time necessary for collection of discovery, and any limitations ion discovery that any party believes may be necessary.**

Firstsource will undertake written discovery to Plaintiff and, if necessary, Plaintiff's deposition.  Firstsource anticipates it could complete discovery by the end of  July, 2012.

**(4)     The time within which amendments to the pleadings shall be allowed.**

To the extent any amendments should be allowed, those amendments should be filed on or before the end of February, 2012.

**(5)     What motions are now pending or are anticipated by any party, and whether any briefing remains to be done with respect to any pending motions.**

Based on  Plaintiff's responses to Firstsource's discovery, Firstsource anticipates filing a Motion for Summary Judgment.

**(6)     What deadline should be set for the filing of dispositive motions.**

Firstsource believes dispositive motions should be filed on or before September 28, 2012.

**(7)     Whether any aspects of the case have been stipulated or settled, and whether a pre-discovery settlement conference is warranted.**

Firstsource believes a pre-discovery settlement conference is warranted.

**(8)** **Whether the parties have considered litigating this matter under this Court's fast-track" consent procedure, as explained in the two-page consent form issued contemporaneously with this order.**

Since Firstsource believes this case is ripe for dispositive motion resolution, Firstsource is not inclined to opt for the fast-track procedure.

                KIGHTLINGER & GRAY, LLP

                /s/Peter A. Velde
                Peter A. Velde
                Attorneys for Firstsource
                Financial Solutions, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on November 22, 2011, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

  Todd J. Kaiser
  Ogle Deakins Nash Smoak & Stewart, PC
  111 Monument Circle Suite 4600
  Indianapolis, IN 46204

and I hereby certify that a copy of the foregoing pleading has been served upon Plaintiff pro se by first class U.S. mail, postage prepaid on November 22, 2011 upon:

  Tracy L. Hagen
  64645 CR 15
  Goshen, IN  46526

                /s/Peter A. Velde
                Peter A. Velde

KIGHTLINGER & GRAY, LLP
151 N. Delaware St. Suite 600
Indianapolis, IN 46204
(317) 638-4521
pvelde@k-glaw.com`