IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TRACY L. HAGEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| KRISOR FINANCIAL SOLUTIONS, LLC, ) | Case No. 3:11cv359 |
| JOHN D. KRISOR, JR., AND DOES 1 ) | |
| THROUGH 10, ) | |
| ) | |
| Defendants. | |

## DEFENDANT KRISOR'S WRITTEN STATUS REPORT

Defendant, John D. Krisor ("Krisor"), by counsel, in response to this Court's Order for Written Status Report [Doc. 10], submits the following:

**(1)    The nature of the case and the principal factual and legal issues.**

The Plaintiff's medical accounts were placed with Firstsource for collection. In accordance with its practices and procedures, Firstsource sent its initial demand letter identifying the name of the creditor and the amount due and owing. Firstsource's initial letter contained all of the notices and warnings required to be given by the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq) ("FDCPA").  Defendant Krisor received several affidavits showing an assignment of Hagen's debts from Goshen General Hospital to Firstsource.  Defendant Krisor sent its initial demand letter to Hagen on March 15, 2011.  This letter also contained all notices and warnings required by 15 U.S.C. § 1692.  Hagen failed to request validation within thirty (30) days of the March 15, 2011 letter.  Nonetheless, Defendant Krisor sent to Hagen verification of the debt on May 5, 2011, August 2, 2011 and on August 18, 2011.  Hagen's complaint is a copied and pasted version of an internet complaint designed to

delay debt collection.  Hagen's claim is brought in bad faith and it should be dismissed and attorney's fees awarded to Defendants.

**(2)     Whether all parties have been served; or any parties dismissed.**

To the best of Krisor's knowledge and belief, all parties have been served.

**(3)     The discovery each party intends to undertake, the anticipated time necessary for collection of discovery, and any limitations ion discovery that any party believes may be necessary.**

Krisor will undertake written discovery to Plaintiff and, if necessary, Plaintiff's deposition. Krisor anticipates it could complete discovery by the end of July, 2012.

**(4)     The time within which amendments to the pleadings shall be allowed.**

To the extent any amendments should be allowed, those amendments should be filed on or before the end of February, 2012.

**(5)     What motions are now pending or are anticipated by any party, and whether any briefing remains to be done with respect to any pending motions.**

Based on Plaintiff's responses to Krisor's discovery, Krisor anticipates filing a Motion for Summary Judgment.

**(6)     What deadline should be set for the filing of dispositive motions.**

Krisor believes dispositive motions should be filed on or before September 28, 2012.

**(7)     Whether any aspects of the case have been stipulated or settled, and whether a pre-discovery settlement conference is warranted.**

 Krisor believes a pre-discovery settlement conference is warranted.

(8) **Whether the parties have considered litigating this matter under this Court's fast-track" consent procedure, as explained in the two-page consent form issued contemporaneously with this order.**

Since Krisor believes this case is ripe for dispositive motion resolution, Krisor is not inclined to opt for the fast-track procedure.

>    Respectfully submitted,
>
>    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
>
>    By:   s/ Todd J. Kaiser
>    Todd J. Kaiser, IN Bar No. 10846-49
>    111 Monument Circle, Suite 4600
>    Indianapolis, IN  46204
>    Telephone:  317.916.1300
>    Facsimile:  317.916.9076
>    *todd.kaiser@ogletreedeakins.com*
>
>    Attorneys for Defendant John D. Krisor, Jr.

## CERTIFICATE OF SERVICE

      I hereby certify that on November 23, 2011, I electronically filed the foregoing pleadings with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

> Peter A. Velde
> Kightlinger & Gray
> 151 N. Delaware Street
> Suite 600
> Indianapolis, IN  46204
> pvelde@k-glaw.com

and I hereby certify that  copy of the foregoing pleading has been served upon *pro se* Plaintiff by first class U.S. mail, postage prepaid on November 23, 2011, properly addressed to the following:

> Tracy L. Hagen
> 64645 CR 15
> Goshen, IN  46526

      s/ Todd J. Kaiser_____

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
111 Monument Circle, Suite 4600
Indianapolis, IN  46204
Telephone:  317.916.1300
Facsimile:  317.916.9076
*todd.kaiser@ogletreedeakins.com*

11342425.1 (OGLETREE)